J-S19024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TONI JOHNSON, | |
| Appellee | No. 1287 MDA 2016 |

Appeal from the PCRA Order Entered June 28, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001312-2009

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED MAY 02, 2017**

The Commonwealth appeals from the post-conviction court's June 28, 2016 order granting Toni Johnson's petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we vacate the court's order and remand for an evidentiary hearing.

Briefly, in July of 2009, Appellee was arrested and charged with burglary and related offenses after he and a cohort, Kelly Marie Golding, conspired to steal a television from the home of an elderly man.  The television was subsequently found in Appellee's apartment.  In May of 2010, a jury convicted Appellee of burglary, conspiracy to commit burglary, theft by unlawful taking, and receiving stolen property.  On May 13, 2010, he was sentenced to an aggregate term of 7½ to 15 years' incarceration.

---

[*] Former Justice specially assigned to the Superior Court.

Appellee's trial counsel, Tami Fees, Esq., filed post-sentence motions on his behalf, which were denied. Attorney Fees then filed an untimely notice of appeal with this Court, and she also failed to complete a docketing statement as mandated by Pa.R.A.P. 3517. Accordingly, on February 24, 2011, this Court issued an order dismissing Appellee's appeal. *See* Order, 2/24/11 (docketed at 16 MDA 2011).

Appellee subsequently filed a *pro se* petition seeking the reinstatement of his direct appeal rights, arguing that Attorney Fees had acted ineffectively in handling his direct appeal. Without appointing counsel, the trial court denied Appellee's petition. Then, on May 7, 2012, Appellee filed the *pro se* PCRA petition that underlies the present appeal. Steven Trialonas, Esq., was appointed to represent Appellee, and he filed an amended PCRA petition on May 27, 2014. Therein, Attorney Trialonas argued that Attorney Fees had acted ineffectively in handling Appellee's direct appeal, and that she had also acted ineffectively at trial by not objecting to the Commonwealth's calling Appellee's co-defendant, Kelly Marie Golding, to testify, when the Commonwealth knew that Ms. Golding planned to assert her Fifth Amendment right to not incriminate herself.

On August 29, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellee's petition as being untimely filed. While Attorney Trialonas filed a response, the PCRA court issued an order denying Appellee's petition as untimely. Appellee filed a timely notice of appeal, and a prior panel of this Court ultimately concluded, for reasons not pertinent to

the present appeal, that the PCRA court had erred by denying Appellee's petition as untimely. *See Commonwealth v. Johnson*, No. 623 MDA 2015, unpublished memorandum at 1-4 (Pa. Super. filed January 20, 2016). Accordingly, we vacated the PCRA court's order denying Appellee's May 7, 2012 petition and remanded for the court to assess the merits of Appellee's ineffectiveness claims regarding Attorney Fees. *Id.*

Upon remand, on March 31, 2016, the PCRA court issued an order directing the Commonwealth to file a response to Appellee's amended petition, which the Commonwealth did on June 16, 2016. Without conducting an evidentiary hearing, the PCRA court issued an order and opinion on June 29, 2016, granting Appellee's petition and awarding him a new trial. The Commonwealth then filed the present, timely appeal, and also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, the Commonwealth presents one issue for our review: "Whether the [PCRA] court erred in granting [Appellee's] Amended Petition for Post-Conviction Relief, without a hearing, finding that trial counsel did not have a reasonable basis for failure to object to testimony by a co-defendant." Commonwealth's Brief at 4.

We begin by noting that, "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d

- 3 -

J-S19024-17

516, 520 (Pa. 1997) (citing **Commonwealth v. Travaglia**, 661 A.2d 352, 356 n.4 (Pa. 1995)).  Where, as here, a petitioner claims that he received ineffective assistance of counsel ("IAC"), our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner.  To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner.  A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

**Commonwealth v. Johnson**, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

In this case, Appellee averred in his amended PCRA petition that Attorney Fees acted ineffectively by failing to object to the Commonwealth's calling Appellee's co-defendant, Ms. Golding, to the stand at trial.  By way of background, when the Commonwealth called Ms. Golding to the stand, the court held a sidebar conference with counsel, during which the following exchange occurred:

> [Ms. Golding's Counsel]: I represent Ms. Golding and she has open charges in this case.  I've advised [the Commonwealth]

- 4 -

that she will be taking the Fifth today.  I don't know why [the Commonwealth] is doing this, especially in front of a jury.  So I'm kind of at a loss.  I'm asking him to either reconsider or do this outside the hearing of the jury.  I just thought it was appropriate for the court to know that since I've given that advice to Ms. Golding in terms of taking the Fifth Amendment and exercising her rights under the Fifth Amendment.

The Court: Thank you.  [Commonwealth]?

[The Commonwealth]: I went over that this morning, if that's what she's going to do that's what she's going to do.  Obviously, but she must assert that right in open court, in front of the judge, because the Fifth Amendment applies to certain questions but not other questions, and the court needs to make [a] decision as to whether or not it applies to the question I'm asking.

The Court: Okay.  Thank you.

N.T. Trial, 3/22/10, at 124-25 (unnecessary capitalization omitted).

The sidebar discussion then concluded, without any comment or objection from Attorney Fees.  The court did not explicitly rule on the objection by Ms. Golding's counsel, but essentially denied it because it permitted the Commonwealth to proceed with the following direct examination of Ms. Golding:

[The Commonwealth]: Ms. Golding, how old are you?

[Ms. Golding]: Twenty-three.

[The Commonwealth]: Do you know the defendant in this case, Toni Johnson?

[Ms. Golding]: I was advised by my attorney to plead -- to exercise my right to plead the 5th.

…

[The Commonwealth]: Judge, I believe that Ms. Golding has a right to the Fifth Amendment privilege against testifying against

herself and incriminating herself in this matter. Therefore, I do not have any further questions for Ms. Golding.

*Id.* at 126 (unnecessary capitalization omitted).

In Appellee's amended PCRA petition, he contended that Attorney Fees acted ineffectively by not objecting when the Commonwealth called Ms. Golding to the stand while knowing she would "exercise her rights under the Fifth Amendment to the United States Constitution…." Amended Petition, 5/27/14, at 4. Appellee maintained that the Commonwealth's calling her was error under **Commonwealth v. DuVal**, 307 A.2d 229, 235 (Pa. 1973), where our Supreme Court held,

> that the prosecution, once informed that a witness intends to claim a privilege against self-incrimination, commits error in calling that witness to the stand before the jury where the witness is a person (co-defendant, accomplice, associate, etc.) likely to be thought by the jury to be associated with the defendant in the incident or transaction out of which the criminal charges arose. Whether or not the prosecution has a good faith belief that the assertion of privilege is legally invalid is irrelevant; that matter can be settled outside the hearing of the jury.

*Id.* at 234-35 (footnote omitted). Thus, Appellee asserted that Attorney Fees's failure to object to Ms. Golding's being called to the stand constituted IAC.

In the Commonwealth's response to Appellee's petition, the thrust of its argument was that Attorney Fees *could have had* a reasonable basis for not objecting to Ms. Golding's being called to the stand. In support, the Commonwealth relied on **Commonwealth v. Greene**, 285 A.2d 865 (Pa. 1971), explaining:

In **Greene**, the defendant wished to call a co-defendant to the stand knowing that the co-defendant would plead the Fifth Amendment. The defendant claimed that the co-defendant was the guilty party and desired the jury to hear the co-defendant plead the Fifth Amendment. The defendant in **Greene** wanted to call the co-defendant knowing that he would invoke his Fifth Amendment right and use the inference to the jury that the co-defendant was actually the guilty party. Therefore, as in the case *sub judice*, there is arguably a reasonable basis for allowing the co-defendant in a criminal case to invoke the Fifth Amendment right as a trial strategy.

**See** Commonwealth's Response, 6/16/16, at 5 ¶ 15(b). Accordingly, the Commonwealth maintained that Appellee had failed to demonstrate that Attorney Fees acted ineffectively and, therefore, no evidentiary hearing was warranted. **Id.** at 6-7 ¶ 19; **see also id.** at 12 ¶¶ 18-20 (Commonwealth's moving for the dismissal of Appellee's petition and arguing that no genuine issue of material fact existed to warrant an evidentiary hearing).

On June 29, 2016, the PCRA court issued an order and opinion granting Appellee's petition and awarding him a new trial. Preliminarily, the court explained why it did not conduct a hearing, stating: "In reviewing the trial transcript and filings of the parties, and applying the [appropriate] standard of review to the pertinent actions of Attorney Fees, this [c]ourt finds [Appellee] has proven his claim for the ineffective assistance of counsel and relief may be granted without a hearing." PCRA Court Opinion (PCO), 7/29/16, at 3. The court then discussed how Appellee's claims met each prong of the test for demonstrating IAC, and concluded that Appellee was entitled to a new trial. **Id.** 3-8. Relevant to the present appeal, the court

determined that Attorney Fees had no reasonable basis for not objecting to Ms. Golding's testimony, explaining:

> The Commonwealth relies on … **Greene** for the proposition that there is a reasonable basis for allowing a co-defendant to invoke their Fifth Amendment right as a trial strategy. In **Greene**, defense counsel's strategy involved shifting criminal responsibility from the defendant to the co-defendant. Here, [Attorney Fees] did not attempt to shift guilt to Ms. Golding in the opening or closing statement, or when questioning the witnesses. The defense theory of the case was not to place guilt on Ms. Golding; rather, [Appellee's] position was that he had the television in his possession because he innocently purchased it from another resident in his apartment complex. Therefore, even if the **Greene** strategy is reasonable, such strategy was not utilized in this case.
>
> Further, the co-defendant in **Greene** was questioned outside the presence of the jury. [**Greene**, 285 A.2d] at 866. The [C]ourt explained:
>
>> Reviewing the principle that the jury may not draw any inference from a witness'[s] exercise of his constitutional rights whether the inference be favorable to the prosecution [o]r the defense, the court applied the corollary to this rule that a witness should not be placed on the stand for the purpose of having him exercise his privilege before the jury.
>
>> **Greene**, 285 A.2d at 867. Even pursuant to **Greene**, Ms. Golding was improperly questioned in the presence of the jury. As such, [Attorney Fees's] inaction lacked any objectively reasonable basis designed to effectuate [Appellee's] interest.

PCO at 6.

Now, on appeal, the Commonwealth contends that the court erred by granting Appellee's IAC claim. Before delving into the specifics of the Commonwealth's argument, we note that we may only review the PCRA court's determination regarding the reasonable basis prong of the IAC test,

as the Commonwealth has waived any challenge to the court's decisions regarding the two other prongs. In the Commonwealth's Rule 1925(b) statement, it asserted that the issue it sought to raise on appeal was whether the PCRA court "erred in granting [Appellee's] Amended Petition for Post-Conviction Relief, without a hearing, finding that trial counsel did not have a reasonable basis for [her] failure to object to testimony by a co-defendant." Commonwealth's Pa.R.A.P. 1925(b) Statement, 8/22/16, at 1. The specific issue presented by the Commonwealth did not include any challenge to the PCRA court's determination that Appellee had proven the arguable merit and prejudice prongs of the ineffectiveness test. Accordingly, any such arguments are waived on appeal.[1] **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Regarding the reasonable basis prong of the IAC test, the Commonwealth focuses on arguing that the PCRA court erred by not conducting an evidentiary hearing to consider testimony from Attorney Fees about why she did not object to the Commonwealth's calling Ms. Golding to the stand. **See** Commonwealth's Brief at 12. Again relying on **Greene**, the

_____

[1] We note that the PCRA court's order directing the Commonwealth to file a Rule 1925(b) statement informed the Commonwealth that any issue not raised therein would be deemed waived. **See** PCRA Court Order, 8/1/16, at 1 ("[T]he Commonwealth is hereby notified that any issue not properly included in the timely filed Statement shall be deemed waived by the appellate court.").

Commonwealth stresses that "there is arguably a reasonable basis for allowing the co-defendant in a criminal case to invoke the Fifth Amendment right as a trial strategy." *Id.* at 13. The Commonwealth then concludes that, "[b]ecause the record is void of trial counsel's testimony in regards to this issue," the court erred in finding that Attorney Fees had no reasonable basis. *Id.*

We are compelled to agree with the Commonwealth that a hearing is required. We recognize that the PCRA court discussed and distinguished *Greene*; however, in doing so, the court speculated, based on the trial record, that Attorney Fees was employing a different defense strategy than the attorney in *Greene*. The PCRA court generally mentioned portions of the record that supported its conclusion, but it did not point to any specific comments by counsel, or questions she posed to witnesses, which demonstrated that her defense strategy was *not* to inculpate Ms. Golding. Moreover, the PCRA court did not explicitly conclude, nor suggest, that Attorney Fees could not have had, *as a matter of law*, any reasonable basis for failing to object to the jury's hearing Ms. Golding's invoking her Fifth Amendment privilege. Absent any such legal determination, our Supreme Court "has expressed a distinct preference for a hearing on counsel's strategy before venturing to hold that counsel lacked a reasonable basis for his or her action or inactions." *Commonwealth v. Spotz*, 870 A.2d 822, 832 (Pa. 2005) (citations omitted).

Consequently, we agree with the Commonwealth that this case must be remanded for a PCRA hearing solely to ascertain Attorney Fees's basis for not objecting to the Commonwealth's calling Ms. Golding to the stand, despite knowing that she would invoke her Fifth Amendment right against self-incrimination. The PCRA court may then make findings of fact and credibility determinations, and decide if Attorney Fees acted reasonably.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2017